**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CIVIL ACTION NO. 26-143-DLB-CJS**

**SHANIA R. COX** **PLAINTIFF**

**v.** **MEMORANDUM OPINION AND ORDER**

**BOONE COUNTY SCHOOL BOARD, et al.** **DEFENDANTS**

* * * * * * * * * * * * * * * *

## I. INTRODUCTION

This matter is before the Court on the Motion to Dismiss by Defendants Boone County School Board, Boone County School District, and Boone County Schools Superintendent (Doc. # 6), and the *pro se* Motion to Disqualify Defendants' Counsel (Doc. # 9) and *pro se* Motion to Strike or Exclude Defendants' Exhibits (Doc. # 10) by Plaintiff Shania Cox. The three motions having been fully briefed, the matter is ripe for the Court's review. For the following reasons, Defendants' Motion to Dismiss (Doc. # 6) is **granted**, Cox's Motion to Disqualify Defendants' Counsel (Doc. # 9) is **denied as moot**, and Cox's Motion to Strike (Doc. # 10) is **denied as moot**.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Shania Cox is a college student who currently resides in Florida. (Doc. # 1-1 at 12). She was formerly enrolled at Boone County Schools in the Boone County School District (collectively, "Boone County") at all times relevant to this action. (*Id*. at 9). Cox alleges that Boone County violated federal and Kentucky law by failing to address numerous violations of her rights and failing to provide her with a "safe and

non-discriminatory learning environment." (*Id*. at 7). The following facts are drawn from Cox's Complaint and viewed in the light most favorable to her.

Prior to moving to Florida, Cox was a student at Boone County Schools. (*Id*. at 9). At some point in her childhood, she was diagnosed with Type One Juvenile Diabetes. (*Id*.). She and her family requested a meeting with Boone County pursuant to Section 504 of the Rehabilitation Act of 1973 to discuss reasonable accommodations for her and to ensure Cox had access to a safe learning environment. (*Id*.). According to Cox, Defendants "failed and refused to convene a timely Section 504 meeting, failed to investigate or address [Cox's] requests, and failed to provide necessary accommodation to ensure [Cox's] safety and equal access to education." (*Id*.). She claims that, as a result of Defendants' inaction, she and her family experienced discrimination, exclusion, sexual harassment and unsafe conditions in educational environments. (*Id*.). As a result, she and her family suffered personal injury, emotional distress, property damage, loss of enjoyment of life and family separation. (*Id*.).

At some point in the 2017–18 school year, Cox brought an Administrative Action with the Kentucky Department of Education, alleging a series of grievances against Boone County. (*Id*. at 10). The hearing officer dismissed several of Cox's actions—specifically her claims under Title VI of the Civil Rights Act of 1964, Section 504 of the Rehabilitation Act of 1973, the Americans with Disabilities Act ("ADA") and the Kentucky Constitution—for lack of jurisdiction. (*Id*.). She settled her remaining claims against Boone County. (*See* Doc. # 6-3).

Now, years later, Cox filed her *pro se* Complaint in Boone County Circuit Court. (*See* Doc. # 1-1). In it, she alleges Boone County violated Title VI of the Civil Rights Act

of 1964, Section 504 of the Rehabilitation Act of 1973, the ADA, Section 183 of the Kentucky Constitution, and Kentucky Revised Statutes ("KRS") 344.040 and 161.164. (*Id*. at 10). Defendants removed the case to this Court on April 1, 2026. (Doc. # 1). Three weeks later, Defendants filed the instant Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), seeking to dismiss the Complaint in its entirety. (Doc. # 6). Cox filed her Response on May 18, 2026. (Doc. # 8). On that same day, Cox filed two additional motions. First, she filed a Motion to Disqualify Defendants' Counsel or Limit Their Participation (Doc. # 9), where she seeks to disqualify Boone County's attorneys from participation in this action for having participated in Cox's previous Administrative Action. She also filed a Motion to Strike/Exclude Defendants' Exhibits (Doc. # 10), where she seeks to strike the exhibits attached to Defendants' Motion to Dismiss. All three Motions have been fully briefed,[1] the matter is ripe for the Court's review.

## III. ANALYSIS

### A. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint that fails to state a claim upon which relief can be granted. To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is deemed facially

[1] Cox filed a Sur-Reply to Defendants' Motion to Dismiss (Doc. # 13), which she claims addresses "new assertions" raised by Defendants in their Reply (Doc. # 11). However, Cox did not seek leave from the Court to file her Sur-Reply. As such, the Court will not address the Sur-Reply. L.R. 7.1(g) ("A motion is submitted to the Court for decision . . . after the reply is filed, or the time for filing the response or reply has expired."); *see also e.g.*, *Chenault v. Randstad USA Mfg. and Logistics*, No. 5:18-CV-276-KKC, 2019 WL 1279211, at *3 (E.D. Ky. May 20, 2019) ("Neither the Local Rules nor the Federal Rules of Civil Procedure permit litigants to file sur-replies. Accordingly, such filings are not permitted absent leave of Court.").

plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard asks for "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

In addressing a motion to dismiss under Rule 12(b)(6), a district court must accept the complaint's factual allegations as true, draw all reasonable inferences in the plaintiff's favor, and only then determine whether those facts and inferences plausibly give rise to an entitlement to relief. *Marvaso v. Sanchez*, 971 F.3d 599, 605 (6th Cir. 2020). However, the Court will "disregard bare legal conclusions and 'naked assertion[s],' affording the presumption of truth only to genuine factual allegations." *Dakota Girls, LLC v. Philadelphia Indem. Ins. Co.*, 17 F.4th 645, 648 (6th Cir. 2021) (quoting *Iqbal*, 556 U.S. at 678). Further, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not state a claim that can survive at the motion to dismiss stage. *Fritz v. Michigan*, 747 F. App'x 402, 405 (6th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). "If it is at all plausible (beyond a wing and a prayer) that a plaintiff would succeed if he proved everything in his complaint, the case proceeds." *Doe v. Baum*, 903 F.3d 575, 581 (6th Cir. 2018).

"Pleadings drafted by pro se litigants should be held to a less stringent standard than those drafted by lawyers and should be liberally construed." *Findler v. City of Ann Arbor*, No. 20-1540, 2020 U.S. App. LEXIS 40145, at *4 (6th Cir. Dec. 22, 2020) (citing *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). However, *pro se* plaintiffs must comply with the minimum pleading requirements set out by the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). A *pro se* pleading must

"provide the opposing party with notice of the relief sought." *Frengler v. Gen. Motors*, 482 F. App'x 975, 977 (6th Cir. 2012). Indeed, where a *pro se* plaintiff fails to sufficiently identify a claim "it is not within the purview of the district court to conjure up claims never presented." *Id.*

**B. Dismissal of Duplicative Claims**

Defendants first move to dismiss Cox's claims against Boone County School District and the official capacity claims against the Superintendent of Boone County Schools. They argue these claims are duplicative of the ones leveled against Defendant Boone County School Board of Education. (Doc. # 6 at 5–7). First, Defendants assert that the claims against Boone County Schools should have been alleged against its Board of Education, since "[t]he district itself has no independent legal existence apart from the board that governs it; rather the board is the legal embodiment of the school district." (*Id*. at 5). Defendants then argue that the official capacity claims should be dismissed because a suit against an individual in his official capacity is the legal equivalent of suing the entity he represents. (*Id*. at 6). The Court agrees with Defendants' positions.

First, under Kentucky law, the Boone County Board of Education is the proper manifestation of the Boone County School District. KY. REV. STAT. §§ 160.160(1), 160.290(1)–(2). Indeed, each Kentucky school district is "under the management and control of a board of education," which may "sue and be sued" and "do all things necessary to accomplish the purposes for which [the board] is created." *Id*. Thus, it follows that the Boone County Board of Education exists to manage the dealings—in this case, the legal dealings—of the Boone County School District as a whole. As Defendants note, the District itself has no legal existence and the Board exists, in part, to be sued.

(Doc. # 3 at 7). Accordingly, the Court **dismisses** as duplicative any claims against the Boone County School District.

Further, the Court agrees that the official capacity claims the Boone County Schools Superintendent are duplicative. The Supreme Court has held that an official capacity suit "'generally represent[s] only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166–67 (1985) (quoting *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 n.55 (1978)). Accordingly, in a lawsuit like this one that names both an entity and employees officially representing the entity, courts will dismiss the official capacity claims as duplicative. *See Doe v. Claiborne Cnty., Tenn. By & Through Claiborne Cnty. Bd. of Educ.,* 103 F.3d 495, 509 (6th Cir. 1996); *Banks v. Breathitt Cnty. Bd. of Educ*., 925 F. Supp. 2d 856, 863 (E.D. Ky. 2013) (dismissing official capacity claims against board of education employees as "redundant"); *C.A. ex rel. G.A. v. Morgan Cnty. Bd. of Educ.*, 577 F. Supp. 2d 886, 890. (E.D. Ky. 2008) (same). As such, Cox's official capacity claims against Defendant Boone County Schools Superintendent are **dismissed** as duplicative.

**C. Title VI Claims**

Second, Defendants move to dismiss Cox's claims that Boone County violated Title VI of the Civil Rights Act of 1964. Defendants maintain that Cox's Complaint does not provide any factual basis for her Title VI claims. (Doc. # 6 at 11). They claim Cox makes "merely conclusory allegations of discriminatory intent" without "provid[ing] any additional details which would allow this court to draw a reasonable inference that Defendants discriminated against [her]." (*Id.*). Further, Defendants aver that Cox does not explain which complaints Defendants refused to address or which programs

Defendants denied her access from utilizing. (*Id.*). In her Response, Cox states that her Complaint includes history of discrimination, bullying, and unsafe conditions; repeated failures by school officials to intervene; emotional and physical harm; forced family separation; long-term psychological and educational consequences; and documented administrative findings and communications acknowledging harm. (Doc. # 8 at 2). These facts, she claims, satisfy the plausibility standard at this stage. (*Id.*).

Title VI of the Civil Rights Act of 1964 provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. To establish a claim under Title VI, a plaintiff must first establish that the program from which they were excluded receives financial assistance. *Buchanan v. City of Bolivar, Tenn.*, 99 F.3d 1352,1356 (6th Cir. 1996). Next, a plaintiff must show that the defendant intended to discriminate on the basis of race, color or national origin, such that the decision to discriminate against the plaintiff was driven solely by race, color or national origin. *Id*. In other words, if there is another motivating factor for the defendant to discriminate, a plaintiff's Title VI claim fails. *Id.* Finally, the plaintiff must show causation, such that their injuries would not have occurred but for the discrimination. *See Welch v. United Network for Organ Sharing*, 767 F. Supp. 3d 746, 769 (M.D. Tenn. 2025).

The Court must dismiss Cox's Title VI claims because her Complaint does not contain enough factual allegations to establish a claim of discrimination by Boone County. Even by the more lenient *pro se* pleading standard, Cox has failed to allege any facts from which the Court could conclude that Boone County deprived her of opportunities to

participate in the schools' programs because of her race, her skin color, or her national origin. Cox merely recites a series of amorphous allegations of Defendants' discriminatory conduct without describing what specifically Defendants did or how they discriminated against her. She does not describe what her complaints were that Defendants allegedly refused to take up, nor does she describe how Defendants denied her access to the schools' various programs. These are the sort of "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" that do not pass muster at the 12(b)(6) stage of the proceedings. *See Iqbal*, 556 U.S. at 678. Accordingly, because Cox has not provided the requisite factual basis to support her claims of racial discrimination, the Court will **grant** Defendants' Motion as to her Title VI claim.

**D. Rehabilitation Act and ADA Claims**

Next, Defendants seek to dismiss Cox's claims under the Rehabilitation Act of 1973 and the ADA. Defendants claim that Cox cannot show that she was disciplined or excluded from a program because of her disability. (Doc. # 6 at 12). Specifically, Defendants note that Cox does not identify "a program, activity, or otherwise that she was qualified to participate in and to which she was denied access." (*Id.*). In response, Cox utilizes the same argument as she did with her Title VI claims—that her Complaint alleges facts that satisfy the plausibility standard at this stage. (Doc. # 8 at 2).

To bring a claim of unlawful discrimination under either the Rehabilitation Act or the ADA, a plaintiff must plead facts that show that (1) she has a disability; (2) she is qualified to participate in the alleged program; and (3) that she has been discriminated against because of her disability. *B.S. v. Carter County Board of Education*, No. 24-5045,

2025 WL 764610, at *2 (6th Cir. Mar. 11, 2025) (citing *S.S. v. E. Ky. Univ.*, 532 F.3d 445, 453 (6th Cir. 2008)). This requires the plaintiff to show they have "either been subjected to discrimination or excluded from a program or denied benefits solely by reason of their disability." *S.S.*, 532 F.3d at 453 (quoting *Sellers v. Sch. Bd. of Manassas*, 141 F.3d 524, 528–29 (4th Cir. 1998)).

Here, Cox cannot meet the requisite standard to plausibly allege claims under the Rehabilitation Act or the ADA. As with her Title VI claims, Cox does not allege a sufficient factual basis of discrimination under either provision. To be clear, Cox does allege that she was diagnosed with Type One Diabetes, which is a cognizable disability. (Doc. # 1-1 at 9). Further, while it is not clear which program she is alleging she is qualified to participate in, the Court will assume that Cox alleges she is qualified to participate in a Section 504 meeting to discuss her accommodations. (*Id.*). Beyond that, Cox alleges no facts from which the Court can conclude Boone County discriminated against her or failed to include her in a program because of her Type One Diabetes. She claims that "Defendants failed and refused to convene a timely Section 504 meeting," but she does not allege that they did this *because* of her disability.[2] (*Id.*). Again, these conclusory, baseless statements do not satisfy the federal standard. As such, Defendants' Motion will be **granted** as to Cox's Rehabilitation Act and ADA claims.

**E. Kentucky Constitutional Claims**

Defendants next move to dismiss Cox's Kentucky Constitution claim, where she alleges that Defendants failed to uphold her right to public education free from

---

[2] In addition to not alleging facts to support her Section 504 claim, a review of Cox's settlement agreement from her Administrative Action shows that she agreed to release Boone County from any claims under Section 504 of the Rehabilitation Act. (*See* Doc. 6-3 at 3).

discrimination and unsafe conditions. Defendants contend that Kentucky law does not provide a private right of action for allegations of constitutional violations. (Doc. # 6 at 12–13 (citing *Faul v. Bd. of Educ. of Danville Indep. Schs.*, No. 5:12-CV-277-KSF, 2013 WL 1511746, at *3 (E.D. Ky. Apr. 9, 2013))). They aver that Cox should have attempted to remedy her constitutional injuries through tort actions, in keeping with Kentucky law. (*Id*. at 13 (citing *Daughtery v. Louisville-Jefferson County Metro Gov't*, 495 F. Supp. 3d 513, 517 (W.D. Ky. 2020))). Finally, they maintain that Cox did not "use the mechanisms required" to claim a violation of her Kentucky or federal constitutional rights, which means her claim must be dismissed. (*Id*.). Cox did not substantively respond to Defendants' claims in her Response. (Doc. # 8 at 2).

As Defendants correctly state, Kentucky law does not allow for a private cause of action for alleged violations of the Kentucky Constitution. *See K.K. by and through J.K. v. Clark Cnty. Bd. of Educ.*, 439 F. Supp. 3d 905, 916 (E.D. Ky. 2020) (citing *Faul*, 2013 WL 1511746, at *3). And, as Defendants also correctly state, "plaintiffs who believe their Kentucky constitutional rights have been violated may attempt to remedy the alleged injuries by filing traditional tort actions." *Id*. (citing *St. Luke Hospital, Inc. v. Straub*, 354 S.W.3d 529, 538 (Ky. 2011)).

It follows that Cox cannot seek relief solely from claiming a violation of the Kentucky Constitution. To recover for her injuries, she would have to allege a tort claim arising from the violation of her constitutional rights. She has not done so. While she does allege that Defendants "failed to uphold" her rights to public education pursuant to the Kentucky Constitution, she does not utilize a proper vehicle—a tort claim or statutory

basis—for bringing this claim. (Doc. # 1-1 at 10). As such, her claim cannot survive and Defendants' Motion is **granted** as to Cox's Kentucky Constitution claim.

**F. Kentucky Statutory Claims**

Finally, Defendants seek to dismiss Cox's two Kentucky statutory claims under KRS §§ 344.040 and 161.164. Defendants aver that Cox "does not identify how the Defendants violated the aforementioned statutes or how the aforementioned statutes pertain to her as a student." (Doc. # 6 at 13). Cox does not directly respond to Defendants' argument, instead resubmitting her argument that her Complaint alleges facts to plausibly state a claim. (Doc. # 8 at 2).

KRS § 344.040 is titled "Unlawful discrimination by employers; difference in health plan contribution rates for smokers and nonsmokers and benefits for smoking cessation program participants excepted." Indeed, a review of the statute confirms that this law is meant to protect employees from discrimination by their state employers—e.g., a school could not discriminate against a teacher. *See generally* KY. REV. STAT. § 344.040. Likewise, KRS § 161.164 is titled "Political activity prohibited; discrimination prohibited; instructional materials requirements; student not required to advocate for perspective with which he or she does not agree; employee not required to engage in training that stereotypes group." Again, a review of this provision reveals that the law is intended to protect employees from discrimination from their employer. *See generally id.* § 161.164.

Suffice it to say, these provisions of Kentucky law do not apply to former students of the Kentucky school system like Cox. She does not claim to be an employee of Boone County. Nothing in these statutes applies to discrimination against students and their

families. She has not alleged facts sufficient to state a claim under either provision. As such, the Court will **grant** Defendants' Motion to Cox's KRS claims.

## IV. CONCLUSION

Accordingly, for the reasons stated herein, **IT IS ORDERED** as follows:

(1) Defendants' Motion to Dismiss (Doc. # 6) is **GRANTED**;

(2) Plaintiff's Motion to Disqualify Defendants' Counsel (Doc. # 9) is **DENIED**;

(3) Plaintiff's Motion to Strike or Exclude Defendants' Exhibits (Doc. # 10) is **DENIED**;

(4) This matter is **STRICKEN** from the Court's active docket; and

(5) A **Judgment** in favor of **Defendants** will be entered contemporaneously herewith.

This 17th day of August, 2026.

**Signed By:**
***David L. Bunning*** DB
**Chief United States District Judge**

G:Judge-DLB\DATA\ORDERS\Cov2026\26-143 MOO re MTD.docx